UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                             Case No. 14-80660-WRS
                                                                  Chapter 13
SHEMEKIA HOLLOWAY,

      Debtor

SHEMEKIA HOLLOWAY,

      Plaintiff                                            Adv. Pro. No. 15-8038-WRS

  v.

AMERICAN INFOSOURCE, LP
and ATLAS ACQUISITIONS LLC,

      Defendant

## MEMORANDUM DECISION

This matter is before the Court on Defendant Atlas Acquisitions, LLC's motion to dismiss Plaintiff Shemekia Holloway's complaint. The Plaintiff asserts that the Defendant violated the FDCPA by filing time-barred proofs of claim in her Chapter 13 bankruptcy. For the reasons set forth below, the Defendant's motion is DENIED.

## I. FACTS & PROCEDURAL HISTORY

Plaintiff Shemekia Holloway ("Holloway") filed Chapter 13 bankruptcy on May 30, 2014. (Case No. 14-80660). On July 2, 2014, Defendant Atlas Acquisitions, LLC ("Atlas") filed a proof of claim on a debt acquired from Advance America. (Case No. 14-80660, Claim 7). Atlas's proof of claim stated that the date of the last payment on the underlying debt was December 3, 2008.

On July 10, 2014, the Eleventh Circuit held that the filing of a proof of claim in bankruptcy on a facially time-barred debt violates §§ 1692e and 1692f of the Fair Debt Collection Practices Act ("FDCPA"). *See* Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1261 (11th Cir. 2014).

Holloway initiated this adversary proceeding against Defendants American Infosource, L.P. and Atlas on June 23, 2015, objecting to the Defendants' proofs of claim and asserting that they violate the FDCPA because the underlying debts are barred by Alabama's 3-year statute of limitations.[1] (Doc. 1). Atlas has filed a motion to dismiss. (Doc. 5). Atlas argues that Holloway's FDCPA claims are precluded by the Bankruptcy Code, that the Eleventh Circuit's decision in Crawford should not be applied retroactively, that Atlas's filing was a bona-fide error, and that Holloway has failed to state a claim under the FDCPA. Holloway has filed a response in opposition. (Doc. 8).

## II. LAW

This Court has jurisdiction under 28 U.S.C. §§ 157(b)(1) and 1334(b), and the district court's General Order of Reference dated April 25, 1985. Holloway's objections to claims are core proceedings. 28 U.S.C. § 157(b)(2)(B). Her FDCPA claims are non-core. 28 U.S.C. § 157(c)(1). A denial of a motion to dismiss is not a final order.

---

[1] American Infosource, L.P. has not answered or filed a responsive motion.

## A. Standard of Review on a Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by FED. R. BANKR. P. 7012(b), authorizes the Court to dismiss complaints that fail to "state a claim upon which relief can be granted." The Court's analysis of a complaint in the context of a motion to dismiss is a two-step process. First, the Court must identify, and cull, pleadings that are mere legal conclusions or "[t]hreadbare recitals of the elements of a cause of action," for such pleadings "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

"[S]tating such a claim requires a complaint with enough factual matter (taken as true)" "to raise a right to relief above the speculative level," *i.e.*, the complaint must be "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A "well-pleaded complaint may proceed even if it strikes a savvy judge that the actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556.

## B.  The Bankruptcy Code Does Not Preclude the FDCPA

Atlas's primary argument in support of its motion to dismiss is that the Bankruptcy Code precludes the FDCPA.  Specifically, Atlas contends that the Bankruptcy Code expressly allows the filing of proofs of claim on stale debt, and that the interpretation of the FDCPA in Crawford irreconcilably conflicts with the Bankruptcy Code's claims allowance process.

After Atlas filed its motion in this case, this Court rejected an identical argument in a different case with nearly identical facts to those here.  See Feggins v. LVNV Funding, LLC (In re Feggins), ___ B.R. ___, 2015 WL 5011224, *2-11 (Bankr. M.D. Ala. Aug. 25, 2015).  The analysis in Feggins is equally applicable to this case, and on that basis the Court rejects Atlas's preclusion argument.

## C.  This Court Lacks Discretion to Apply *Crawford* Non-Retroactively

Atlas next argues that the Eleventh Circuit's holding in Crawford should not be applied retroactively, and directs the Court's attention to the test set out in Chevron Oil Co. v. Huson, 404 U.S. 97 (1971).  As mentioned above, Atlas filed its proof of claim before the Eleventh Circuit decided Crawford.  *Supra* Part I.

"'Generally, new rules of law are applied retroactively as well as prospectively.'" Glazner v. Glazner, 347 F.3d 1212, 1216 (11th Cir. 2003) (en banc) (quoting Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 544 (11th Cir. 2002) (en banc)).  In the realm of civil law, however, courts may sometimes choose not to apply a new rule of law retroactively.  A court must look at three factors in determining whether to apply a new rule purely prospectively:

4

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed[.] Second, [a court] must weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. Finally, [a court must] weigh [] the inequity imposed by retroactive application, for where a decision . . . could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.

Chevron Oil Co., 404 U.S. at 106-07 (internal citations, quotation marks, ellipsis, and parentheses omitted). There is, however, a gaping caveat to the Chevron Oil test that Atlas ignores, and that forecloses its non-retroactive application argument:

> When [a court] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the court's] announcement of the rule.

Harper v. Va. Dep't of Taxation, 509 U.S. 86, 97 (1993); *see also* James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 540 (1991) (holding that because the Supreme Court in Bacchus Imports, Ltd. v. Dias, 468 U.S. 263 (1984), had applied the legal rule it announced to the litigants in that case, courts were precluded from determining that Bacchus could be applied purely prospectively on the basis of Chevron Oil). In light of Harper, a court's discretion of non-retroactive application in civil cases where the conduct at issue preceded the announcement of a new rule is reduced to the following summarization:

5

> Only a court announcing a new rule of law may choose not to apply that rule retroactively under Chevron Oil, and if it so chooses it must not apply the new rule to the litigants before it. If a court is not announcing a new rule of law, but rather is following an existing rule, it must apply that rule retroactively if the court that announced the rule applied it to the litigants before it.

This summarization does not conflict with Glazner. In that case, the Eleventh Circuit reiterated that a court still has discretion to apply new legal rules purely prospectively under the Chevron Oil test and undertook that analysis. Glazner, 347 F.3d at 1220. However, the Eleventh Circuit had discretion to consider non-retroactive application when it decided Glazner because it actually announced a new legal rule. See id. at 1216 (overruling Simpson v. Simpson, 490 F.2d 803 (5th Cir. 1974)).[2] By comparison, this Court is not traversing unknown terrain here; rather, the Court is following Crawford. If the Eleventh Circuit applied its holding in Crawford to the litigants in that case, this Court must apply Crawford retroactively to the parties here. See Harper, 509 U.S. at 97.

It is clear from the disposition of Crawford that the Eleventh Circuit applied its holding to the litigants retroactively. The procedural posture was an appeal from an order granting the defendants' motion to dismiss for failure to state a claim under the FDCPA. Crawford, 758 F.3d 1257. After holding that the plaintiff had stated such a claim based on the stale proof of claim the defendants had filed, id. at 1261, the Eleventh Circuit "vacate[d] the district court's dismissal of [the plaintiff]'s complaint and remand[ed] for further proceedings." Id. at 1262. Vacating the

---

[2] The Eleventh Circuit has adopted all decisions of the Fifth Circuit handed down on or before September 30, 1981 as binding precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

6

dismissal order and remanding the case would have been unnecessary if the Eleventh Circuit only intended its holding in Crawford to apply prospectively. Because it took the steps of vacating and remanding, however, the Crawford court necessarily applied its holding to the litigants before it. *See* James B. Beam Distilling Co., 501 U.S. at 539 (explaining that the Bacchus Court necessarily applied its rule to the litigants because it remanded for further consideration, and remand would have been unnecessary had the rule been applied prospectively).

Since the Eleventh Circuit applied its holding in Crawford retroactively to the litigants in that case, this Court must apply it retroactively as well. There is no need to consider Atlas's Chevron Oil argument.

### D. Atlas's Erroneous Interpretation of Law Was Not Bona Fide

Atlas asserts it is "protected from liability" by the FDCPA's bona fide error defense. "A debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Atlas acknowledges that a bona fide error defense under § 1692k(c) may not be asserted for a mistaken legal interpretation of the FDCPA – *see* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010) – but then proceeds to assert a mistaken legal interpretation of the FDCPA as its bona fide error. (Doc. 5, p. 15-16). Atlas argues, in effect, that the Bankruptcy Code allows the filing of a stale proof of claim and that the prevalent case law at the time Crawford was decided held that a filed proof of claim could not be the basis for FDCPA liability. Crawford was a FDCPA ruling,

7

not a bankruptcy ruling, so Atlas's argument goes to a mistake regarding the FDCPA. However, even if the Court construes Atlas's argument as asserting a mistake of law under the Bankruptcy Code, Atlas's error is clearly not bona fide.[3]

At the outset, the Court questions whether a mistaken legal interpretation may properly be the basis for a bona fide error defense, and whether the bona fide error defense may be properly raised in a motion to dismiss. The Supreme Court noted in Jerman that § 1692k(c) includes "the requirement that a debt collector maintain 'procedures reasonably adapted to avoid any such error.'" Jerman, 559 U.S. at 587 (quoting 15 U.S.C. § 1692k(c)). It acknowledged "that some entities may maintain procedures to avoid legal errors[, b]ut legal reasoning is not a mechanical or strictly linear process." Id. "For this reason," the Jerman Court "f[ou]nd force in the suggestion . . . that the broad statutory requirement of procedures reasonably designed to avoid 'any' bona fide error indicate[d] that the relevant procedures are ones that help to avoid errors like clerical or factual mistakes. Such procedures are more likely to avoid error than those applicable to legal reasoning[.]" Id. If the relevant inquiry is factual, as Jerman indicates, a bona fide error defense is likely not properly raised in a Rule 12(b)(6) motion when the Court must take the facts in the complaint as true. At a minimum, it would seem to require introduction of additional evidence. As Holloway points out, however, Atlas has not introduced evidence of a procedure "reasonably adapted to avoid" errors of this sort in its motion, and Atlas probably

---

[3] The Supreme Court has left open the possibility that a bona fide error defense under § 1692k(c) might be available for mistaken legal interpretations of laws other than the FDCPA. Jerman, 559 U.S. at 580 n.4.

8

Case 15-08038    Doc 12    Filed 09/09/15    Entered 09/09/15 08:29:33    Desc Main
Document      Page 8 of 12

cannot at this procedural posture without turning its motion to dismiss into a motion for summary judgment. (Doc. 8, p. 14-15).

Setting these observations aside, Atlas's asserted mistake – to the extent it implicates the Bankruptcy Code – miserably fails the "smell" test for being bona fide. As this Court recently stated in Feggins:

> It is well established that a claim that is barred by statute of limitations under applicable law will be disallowed under [11 U.S.C.] § 502(b)(1). Thus, while a creditor has a right to file a proof of claim under [11 U.S.C.] § 501, such a claim is not well-founded when its allowance is obviously and solely dependent on the oversight of the debtor and bankruptcy court. A facially time-barred proof of claim is not well-founded. It follows that a creditor's only possible purpose in filing a facially time-barred proof of claim is to take advantage of the automatic claims allowance process of [11 U.S.C.] § 502(a) and hope that the debtor and the bankruptcy court do not notice the defect. Such conduct is an abuse of the claims allowance process and an affront to the integrity of the bankruptcy court.

Feggins, 2015 WL 5011224 at *5 (internal footnotes omitted). A proof of claim is a creditor's statement of its entitlement to distribution from the bankruptcy estate. However, a proof of claim will be disallowed when the underlying debt is time-barred because a creditor is not entitled to distribution on such a claim. 11 U.S.C. § 502(b)(1). A creditor who files a proof of claim that is based on a debt the creditor knows (or should know) is time-barred is effectively making a false assertion to the bankruptcy court that it is entitled to distribution from the bankruptcy estate. Feggins, 2015 WL 5011224 at *6.

Every "petition, pleading, written motion, or other paper" filed before the bankruptcy court is an attorney's or unrepresented party's certification "that to the best of the person's

9

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the claims, defenses, and other legal contentions therein are warranted by existing law[.]" FED. R. BANKR. P. 9011(b)(2). Sanctions are available for violations of Rule 9011(b), and at least one court has imposed sanctions under Rule 9011 for the very type of conduct Atlas has engaged in here. *See* Matter of Sekema, 523 B.R. 651, 655 (Bankr. N.D. Ind. 2015) (imposing $1,000 sanction against a debt collector that filed time-barred proofs of claim).

When conduct of this sort slips past the debtor and bankruptcy court unnoticed, it has the effect of "parasitically diluting the already meager shares of deserving creditors still further." Feggins, 2015 WL 5011224 at *6. Given the purpose of such conduct and the specious legal arguments that are marshaled to justify it, the Court cannot in good conscience consider a legal mistake of this type to be "bona fide." *See* BLACK'S LAW DICTIONARY 186 (8th ed. 2004) (defining "bona fide" as "[m]ade in good faith; without fraud or deceit").

### E.  Holloway's Complaint States a Plausible Claim Under the FDCPA

Atlas's final argument is that Holloway's complaint fails to state a claim under the FDCPA. Atlas contends that Holloway merely alleges it filed a time-barred proof of claim without containing "any allegations regarding how Atlas's actions violated any of the FDCPA's provisions[.]" (Doc. 5, p. 9). Atlas also contends that its proof of claim complied with Rule 3001 of the Federal Rules of Bankruptcy Procedure, and that its claim is neither deceitful nor unfair. (Doc. 5, p. 10).

Atlas's argument misses the point of Crawford. The Eleventh Circuit held that the filing in bankruptcy of a proof of claim on a stale debt violates 15 U.S.C. §§ 1692e and 1692f because

10

Case 15-08038    Doc 12    Filed 09/09/15    Entered 09/09/15 08:29:33    Desc Main
Document      Page 10 of 12

such conduct games the system by taking advantage of the Bankruptcy Code's automatic claims allowance process.[4]  See Crawford, 758 F.3d at 1259.  If the staleness of a proof of claim goes unnoticed, the creditor who filed it will receive distributions from the bankruptcy estate regardless of that creditor's entitlement to be paid, usually at the expense of other creditors who have more deserving claims.  See id.; 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed . . . is deemed allowed, unless a party in interest . . . objects.").  Thus, in light of the Bankruptcy Code's automatic claims allowance process, the fact that the information on the proof of claim form complies with Rule 3001 means relatively little if the underlying debt is time-barred.

The FDCPA is a strict liability statute, and §§ 1692e and 1692f are objectively evaluated under a "least sophisticated consumer" standard.  Crawford, 758 F.3d at 1258-59, 1259 n.4.  In light of Crawford, a complaint adequately states a claim under §§ 1692e and 1692f when it alleges that the defendant filed a proof of claim, on behalf of another, on a debt it knew (or should have known) to be time-barred.  The plaintiff need not plead she was actually damaged because the FDCPA provides for statutory damages.  15 U.S.C. § 1692k(a)(2)(A).  She need not plead she was deceived because the Crawford court held that the act itself is inherently deceptive under the objective "least sophisticated consumer" standard.  Crawford, 758 F.3d at 1258-59.

---

[4]  Holloway incorrectly asserts that the Eleventh Circuit held in Crawford that filing a proof of claim on time-barred debt violates 15 U.S.C. § 1692d.  (Doc. 1, p. 5; Doc. 8, p. 11).  That section prohibits conduct that serves "to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Crawford had nothing to do with § 1692d, and Holloway's complaint does not state a claim under § 1692d.

Holloway has pled sufficient facts to state a claim under 15 U.S.C. §§ 1692e and 1692f. She alleged that Atlas filed a proof of claim in July 2014, and that the face of the claim form stated that Atlas was not the original creditor and that the last payment was made in December 2008. (Doc. 1, p. 3-4). Her assertion that the claim is time-barred is a legal conclusion not entitled to the assumption of truth, but Atlas does not challenge that assertion. In light of Crawford, these facts are enough to state a claim under the FDCPA.

### III. CONCLUSION

The Bankruptcy Code does not preclude application of the FDCPA pursuant to Crawford, the Court lacks discretion to apply Crawford non-retroactively, and Atlas's asserted mistake of law was not a bona fide error. Therefore, Atlas's motion to dismiss is DENIED.

Done this 8th day of September, 2015.

United States Bankruptcy Judge

c: Anthony B. Bush, Attorney for Plaintiff
   Leonard N. Math, Attorney for Atlas Acquisitions